The third case this morning is McCaa v. Hamilton. Mr. Dick. Good morning, Your Honors. Anthony Dick, representing Plaintiff Appellant Randy McCaa. I'd like to address both the abuse of discretion and the prejudice argument this morning, starting with the former. On that issue, this court's cases make clear that a district court entertaining a motion to appoint counsel must, at the very least, consider the issues that are raised by the plaintiff in support of that request and that bear directly on that request. That is especially true when the plaintiff raises an issue that casts serious doubt upon his competence to litigate a constitutional claim without the assistance of counsel, and the district court does not consider that issue. That is an abuse of discretion, as several of this court's cases have held. That is exactly what happened here. My client, Mr. McCaa, raised the fact that he had been transferred to a new prison facility after the violations occurred, so that all of the documents and the defendants and the witnesses that had seen what had happened in some of these violations were back at the old facility. He had no means to conduct any discovery, any investigation on those points. The district court denied his repeated requests for counsel without even considering that issue, an issue that this court has, again, recognized in numerous cases, is a very important issue that bears very directly on whether a plaintiff has the ability to litigate a case. So we think for that reason alone, that warrants a reversal of the decision below. It does not require breaking any new ground on this court's precedents. There are already several cases that reach the same result. It's a very narrow result, particularly because my client also has several other features that he raised that make this a fairly unique case. He had a reading level of in Pruitt recognized, made the plaintiff there very ill-equipped to deal with the type of case that we have here, which is a deliberate indifference case, especially once that case proceeds to the summary judgment stage, where there are live factual disputes about what happened, where there's a need for advanced litigation tasks, including discovery, interviewing witnesses, taking depositions of defendants, things of that nature, and responding to a summary judgment motion by professional lawyers on the other side, which the average layperson is not very well equipped to do, particularly when they're incarcerated, particularly when they have... So Mr. Dick, how does an uneducated, mentally ill plaintiff, prisoner, with a fifth grade reading level, put together the materials that he put together in his initial filings here, which included not only a complaint, but a full package of materials seeking injunctive relief? Well, the answer is that he had the help of a few jailhouse lawyers and templates that he had at his disposal in the law library. But he also has provided that kind of help to other prisoners, hasn't he? He's provided the limited help of helping them with a motion for appointment of counsel, which he has learned how to do, again, through jailhouse lawyers and through templates available. And I... One of the things that I struggle with in this case, and I'd be interested in your perspective on this, is that there can be a tendency to treat the help of very talented volunteer lawyers, such as this court has recruited from, in the person of you and your firm, to help out in prisoner cases as if it were a free and unlimited good. Outside of major metropolitan areas, that is rarely the case. And we have here a prisoner who has been filing many lawsuits over the years, who has previously had the help of appointed or recruited counsel in other cases. And at some point, I would think a district judge has discretion to say, you know, I don't think so on this one. We have limited resources. I don't see serious injuries in this case. This is not one where we need to take the full constitutional cruise. I certainly agree with that. The district court does have a large measure of discretion. I think at the very least, the district judge must explain that reasoning and consider the factors that are present in the case. And I think, you know, if a judge were to say something like that, that would be a basis to review that. I would point out, on the limited resources point, that under Section 1915, the district judge does not have any coercive power to sort of conscript lawyers. We know that. Right. So they can request, and there are cases where a judge makes a request and makes an attempt and is unable to find counsel, and that is not something that can be held against the district. We had a requirement, too, at one point, and I don't think this case falls into it, where the prisoner himself was supposed to make an effort to find counsel. Correct, that still exists, except in cases where it is unable to do so. In this case, the record reflects that my client wrote to three different attorneys. He did. He did and then sought and did not receive any agreements to do that, and so the state hasn't raised that for good reason, because that requirement was met here. Yeah, well, this is probably better stated to your opponent friend, but the thing that bothers me about this case is that Judge Stabmuller did fail to give careful consideration to McCaw's request for counsel in this case. But at the same time, he held him to the strictest possible compliance with the local rules governing summary judgment, so that what evidence there was in the record, including McCaw's verified complaint and his declaration that supported his version of the events, was ignored. And if his version of the facts were taken into account, there were factual disputes as to some, if not all, the incidents that he's complained of. So, this is, you know, this is everything that Judge Hamilton said is also correct. This is a hard one. Well, Your Honor, I mean, it may be hard in the sense that, you know, it presents a difficult set of facts to read about, but we don't think it's particularly difficult on the law that where the consider some of the factors that bear directly on the appointment of counsel request. I mean, if I may turn to the prejudice inquiry just for a minute, we think it's clear that the district court's decision below turned on its finding that the lack of compliance meant it could ignore all of the facts that had been testified to by my client and instead take all of the defendant's testimony as true, even though the defendants were the ones who were seeking summary judgment. So, we think that for that reason alone, a made that mistake in terms of the citation. The court would have been required to recognize a genuine issue of disputed fact. And even beyond that, we think that an attorney would have engaged in basic discovery and investigation, such as deposing the witnesses and deposing the defendants in the case. I mean, the facts turned on whether what the defendant said was true and there was not even an attempt to depose the defendants. It may depend on your budget. We just were listening to an extended argument in the number two case today about the economics of civil rights litigation and costs and budgets can be pretty restrictive. That's true, although I think deposing the defendants when the core issue in the case is a factual dispute about what the defendants did and whether what the defendant's lawyers say is true, I think deposing the defendants would be a relatively inexpensive way. How many thousands of dollars do you think that would cost here? I don't have that five figures for getting them all. Understood, Your Honor, but we nonetheless think that even without the discovery issues, the citation of the issue of the material that was already in the record would have been sufficient to survive. Well, that's why I asked initially. He already tried three different lawyers himself. That's correct. That's correct. He did. He did. Your Honor, I'd like to reserve the balance of my time if there's no further questions. May it please the court, my name is Mike Murphy. I represent the appellees in this case. District courts are tasked with determining, in light of the complexity of the case, whether a particular litigant is competent to litigate himself. There's no question here that the judge applied that standard to facts from the record. The first two requests for counsel came early in the case and the judge relied on the pleadings, the motions, the documents in support of a preliminary injunction, which included citations to evidence. Did he seek to counsel on his own before he filed or after he filed? His initial request included information that he had written to three lawyers and not gotten a response. This is outside the briefing. I have two lawyers. One is retired. One has no practice in the relevant court. The other one does have a practice but did not respond. So he did make an attempt. It was prior to his first request. The later requests were during the discovery phase. The court again applied the correct legal standard from Pruitt and used facts in the record, noting that Mr. McKay had served extensive discovery. He had found the identity of John Doe defendants and he had filed a motion to amend his pleading to include those defendants. There's a suggestion in the reply here that Mr. McKay would like weighed on a suggestion that the defendants did not fully respond to discovery or that they were less than forthcoming on some points. That came up for the first time reply. It's not briefed. The discovery responses are outside the record but I think that those are mischaracterizations of the discovery responses that were made here. The discovery responses are not on appeal. They're not part of the record and I just ask that the court not make a decision on this case based on those arguments. You know one of the points that Mr. McKay made in his reply is that even if there's no checklist of factors that a district court has to run through in ruling on a request for recruitment of counsel, the court does have to look at the factors that the plaintiff did in making his request. Is it really your view that Judge Stadmiller truly complied with that requirement here apart from simply noting what Mr. McKay had argued? Well yes and I'll respond to that in two parts. One, this court has held that in discretionary decision cases, the case that I'm relying on here is Patton that was briefed, is that a district court need not mechanically list all the factors or address every argument. Now the court does have to properly consider relevant factors. Certainly it's exercise of discretion. One very important factor is the apparent litigant's ability to litigate the case based on his filings before the court and so the district court here acknowledged Mr. McKay's arguments. It also went on to weigh and consider the very important factor of whether the pleadings, filings, discovery taken demonstrate the plaintiff's ability to litigate the case and in here it demonstrated that he was able. Mr. Murphy? Well he certainly has a lot of problems, doesn't he? Well those problems did not prevent him from moving for summary judgment, preparing proposed finding of facts, citing evidence in those proposed findings of facts, moving for preliminary injunction, and doing all the things that the court has noted demonstrate ability to litigate this case. By the summary judgment rules, as so many litigants, you know, represented and unrepresented, to get to Mr. McKay's evident history of mental illness, his multiple requests for counsel. Once the judge saw the obvious deficiency in Mr. McKay's response to the defendant's proposed factual findings, wouldn't it have been prudent for the judge to point out the defects to Mr. McKay, give him a second shot at filing a proper factual response? Well, I think three points in response to that, Your Honor. The request for counsel standard in the cases is clear that it's it's not predictive, it's based on the evidence before the court that it made at the time it made the decision, and not based on what ultimately occurs. The other thing here is that, well two other things, Mr. McKay did cite evidence in any proposed findings of fact. It was a response to proposed findings of fact he did not cite, but record 68 is his proposed findings of fact, which is the same back-and-forth procedure of how summary judgment works in these courts, and he did cite evidence. And third, I don't think it should be taken necessarily as error or oversight that the facts set forth by the defendants here were not responded to with factual allegations. We may get to prejudice here, but Mr. McKay, there simply may not be facts to respond to all the points that the defendants made in summary judgment, and that is exactly where summary judgment is appropriate. He certainly makes the point when he notes that he never managed to depose any of the defendants. He did not manage to secure a declaration from any witness during the discovery process. That's not true. That the lack of counsel did hamper the development of a record that might have helped his case. Well, two points in response, Your Honor. He did secure evidence from witnesses. He simply did. They're in the record, they're cited in the brief, they were used in support of his motion for summary judgment. And again, the cases are clear, but the inquiry is not what someone else might have done. It's whether this person was competent to I know we could speculate, I couldn't tell you whether a different private defense attorney might have expended the resources to conduct depositions in this case, but what a different attorney might have done is just not the inquiry on what's on appeal here, which is the discretionary decision to not recruit appointed counsel. Did I understand, maybe I've got this confused Is he a frequent litigator? Yes, not as frequent as some, but yes, a frequent litigator, yes. And where did the mental illness come into play during this course of frequent litigation? That I'm afraid I don't know. I'm aware of his name from just cases that are in our office. I've not personally litigated another case with Mr. McKee before, and I just don't know the answer to that The only thing I can think of, I think the most direct answer may be no. He does at one point respond to an argument that Mr. McKee made. Mr. McKee said he had been appointed counsel in prior cases, sort of suggesting that he should be here as well, and the court acknowledges that. I cannot think of a record site where he sort of gave a history of the prior litigation. But the court, it does show that he had been, counsel had been appointed for him in other cases. Yes, yes. Briefly here on the prejudice problem, the record indicates that the defendants did respond to Mr. McKee's circumstances and certainly not with deliberate indifference. At times they did things like have conversations with him about his feelings, about his future, and when things escalated, when it was appropriate, they took the most severe actions, which is to conduct cell extractions and place him in restraints. Mr. McKee's core dispute in his pleadings of the defendants did not take the actions that he wanted when he requested. There were times when he said at the outset, as the first course of action, he wanted to be put in restraints. It's not deliberate indifference to not go to level 10 response to a threat of self-harm immediately. The defendants here, when those actions became appropriate, did take those actions, but it is not, the test of deliberate indifference is not whether the defendants did not take the actions that Mr. McCaw requested at the outset. You know, that's all the points that I wanted to make this morning. I'm happy to answer any other questions. Thank you very much, Counsel. Thank you, Your Honor. Just a few quick points on rebuttal. My friend on the opposing side relied on the fact that the district court took into account the pleadings that had been filed as basis for rejecting the request for counsel. I want to say that that was not responsive to Mr. McCaw's request for counsel for all of the reasons that he needed counsel at the summary judgment stage of the investigation stage, the depositions, all of the factual discovery that he needed to do. None of the filings he'd made up to that point had any bearing on those crucial issues and the fact that he'd been transferred to a new facility, which this court has noted multiple times is a very serious problem. It also didn't have any bearing on the more complex summary judgment tasks that needed to be accomplished, which this court has said previously is a level of difficulty that has increased from the initial pleading stage. When did his mental illness come to the fore? In what respect? While he was incarcerated? I mean, obviously. He was diagnosed with mental illness during his incarceration, that's correct. I'm sorry, when? While he was incarcerated. While he was diagnosed, that's correct. But how long after, do you know? I don't know exactly how long afterwards he was incarcerated. The only other point that I'd like to make here is that this case had survived screening and so there are only factual disputes that stand between him and relief in this case and there are very serious reasons to think that in a jury trial he may be able to convince the jury that his constitutional rights were violated. So regardless of the fact that he may have filed other claims, these claims are, we think, very serious and meritorious and deserve to be heard. We ask that the court vacate the decision below and remand for the appointment of counsel. Thank you very much. Mr. Dick, thank you very much for taking this case as well.